Related DOS

FILED

2022 NOV 29  PM 3: 26

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY____

Timothy L. Whiting
P.O. Box 2456
Indio, CA 92201
Tele: (760) 459-9177
Email: tw92240@hotmail.com
In Pro Se

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

EDCV22 - 02121 - CAS(JEM)

| | |
|---|---|
| TIMOTHY L. WHITING,<br><br>              Plaintiff,<br><br>      vs.<br><br>WALMART INC. (d/b/a Walmart Supercenter, Store No. 05096), a Delaware corporation, registered to do business in California; DANIEL LEMUS, in his individual capacity as a loss prevention manager with Walmart Inc.; COUNTY OF RIVERSIDE, a municipal corporation; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, a public agency; PAUL QUESTEL, Badge ID #3314, in his individual capacity as a deputy with the Riverside County Sheriff's Department; JOHN DOE NO. 1, in his individual capacity as the male perpetrator; and Does 2-10,<br><br>              Defendants. | Case No.<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C. § 1983—Failure to Investigate & Prosecute Due to Race and Gender;<br><br>2. 42 U.S.C. § 1981—Race Discrimination;<br><br>3. 42 U.S.C. §§ 2000d—Title VI;<br><br>4. 42 U.S.C. §§ 1985(3), 1986—Racially Motivated Conspiracy;<br><br>5. Respondeat Superior;<br><br>6. Premises Liability—Criminal Attack by a Third Party;<br><br>7. Spoliation—Intentional Destruction, Fabrication, and Alteration of Walmart Security Camera Video Evidence;<br><br>PUNITIVE DAMAGES—*under Federal Law and California Law*<br><br>UNLIMITED CIVIL CASE<br>DEMAND FOR JURY TRIAL |

COMES NOW the Plaintiff, Timothy L. Whiting, in this verified complaint, complains and alleges upon personal knowledge and belief as his own acts and in some instances on information and belief as to actions of others, as follows:

Page 1 of 34

## I.  **INTRODUCTION**

1.      As a world economic powerhouse, Walmart has a troubled litigation history everything  from tampering with evidence to conspiring with unscrupulous law enforcement officials as a means of avoiding legal liability.

2.      Plaintiff—a 58 year-old African American, lifelong heterosexual adult male citizen—was a victim of a sexual assault while shopping inside Walmart Supercenter Store No. 05096. Defendant John Doe No. 1 (an unknown homosexual Hispanic-White male perpetrator) sneaked up behind and touched Plaintiff's left hip/buttock areas. Defendant Daniel Lemus (a Walmart Loss Prevention Manager) refused to allow Plaintiff to review Walmart's security camera video and refused to allow Plaintiff to file a Walmart incident report to detail the assault.

3.      About an hour after the assault, Plaintiff called 911 and reported the crime to Defendant Deputy Paul Questel of the Riverside County Sheriff's Department. Plaintiff offered an in-person interview with Deputy Questel to show him Plaintiff's cellphone video that captured John Doe No. 1's face. But Deputy Questel rejected Plaintiff's offer and treated Plaintiff's sexual assault differently than women sexual assaults and refused to investigate and apprehend John Doe No. 1 because Plaintiff is a Black male. Deputy Questel's failure to arrest John Doe No. 1 left Plaintiff  feeling vulnerable to further assaults at Store No. 05096.

4.      On information and belief, a conspiracy developed between Defendant Deputy Questel and Defendant Lemus to deny Plaintiff equal protection of the laws, amongst other things, by intentionally altering Walmart security camera video to blur John Doe No. 1's facial identity. Alternatively, instead of John Doe No. 1 being a Walmart shopper he was an off-duty deputy sheriff working as an undercover plainclothes Walmart loss prevention officer.

5.      This is a civil action seeking damages against Defendants Walmart Inc.

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

("Walmart") and Daniel Lemus ("Lemus") (a Walmart Loss Prevention Security Manager) (collectively, "Walmart defendants"), as well as Defendants County of Riverside ("the County"), Riverside County Sheriff's Department ("RCSD"), and Riverside County Deputy Sheriff Paul Questel ("Deputy Questel") (collectively, "Riverside County defendants"), and John Doe No. 1, and Does 2-10. The Walmart defendants, Riverside County defendants, John Doe No. 1 and Does 2-10 (collectively, "Defendants").

6.      The *first reason* Plaintiff is suing Walmart is because it violated its duty that says a property owner of a business that is open to the public must use reasonable care to protect its guests from the criminal conduct of a third party on its property if the owner can reasonably anticipate that conduct. In the past few years, Walmart Supercenter Store No. 05096 ("Store No. 05096") had two prior buttock groping sex assaults involving females. The *second reason* Plaintiff is suing Walmart is because it refuses to take responsibility for the incident by denying Plaintiff's claim for compensation. Walmart's failure to protect its guests from third party criminal conduct on its premises should be viewed as a threat to community safety.

7.      Plaintiff is suing RCSD because Deputy Questel refused to investigate Plaintiff's assault because John Doe No. 1 is a Hispanic-White male and Plaintiff is an African American male. Plaintiff is also suing RCSD because Deputy Questel conspired with others to obstruct the investigation and prevent the arrest and prosecution of John Doe No. 1.

8.      Plaintiff sues the County because it has a policy and a permitted custom of not training its officers in how to deal with Black male sexual assault victims. A second reason is that the County has a policy and permitted practice of giving Black male sexual assault victims less police protective services than other crime victims.

9.      Defendants' discriminatory behavior resulted in Plaintiff having suffered pain,

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

fear, anxiety, humiliation, indignity, mental anguish, and emotional injury and continues to suffer injury because John Doe No. 1 has yet to be identified and arrested.

## II.   JURISDICTION AND VENUE

10.   Plaintiff's claims are brought pursuant to the Fourteenth Amendment to the United States Constitution; Title VI of the Civil Rights Act of 1964 and its implementing regulations, 42 U.S.C. §§ 1981, 1983, 1985(3), and 1988; California Government Code §§ 815.2 and 820(a); and California common law.

11.   This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. § 1367.

12.   Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because Defendants either reside or do business in this District and all of the acts and/or omissions complained of herein have occurred or will occur in the District.

13.   The amount in controversy is $1,000,000.

## III.   ADOPTION BY REFERENCE / EXHIBITS

14.   All exhibits attached to this document are introduced by way of adoption by reference under Fed.R.Civ.P. 10(c).

## IV.   COMPLIANCE WITH THE GOVERNMENT TORT CLAIMS ACT

15.   Plaintiff complied with the provisions of the Government Claims Act (Gov. Code § 900 et seq.) by having filed a timely written administrative claim of equal protection, failure to investigate, civil conspiracy, and negligence against the County, RCSD, and Deputy Questel. In the amount claimed against the County as of this date is unlimited. The County rejected Plaintiff's claim on June 2, 2022. A true and correct copy of the letter of rejection titled *"Notice of Rejection of Claim"* is attached as Exhibit A.

## V.    **PARTIES**

**Plaintiff:**

16.     Plaintiff is an African American—lifelong heterosexual adult male citizen—who was 58 years of age at the time of the incident, who currently resides at 78101 Hidden River Road, Unit #1708, Bermuda Dunes, CA and, at all relevant times of this action, was a resident of Central District of California, in the County of Riverside.

17.     Plaintiff is a U.S. Army military veteran who faithfully served his country with much loyalty and received his honorable discharge in 1989. Plaintiff has some college but no college degree. Also, Plaintiff is a lifelong nonsmoker and nondrug user.

**Walmart Defendants:**

18.     Defendant Walmart Inc. (hereinafter "Walmart"), is now, and at all times mentioned was, a Delaware Corporation and authorized to do business, and doing business in Riverside County, California, doing business as Walmart Supercenter Store No. 05096.

19.     At all times mentioned, Walmart was the owner and controlled its premises located at 34500 Monterey Avenue, Palm Desert, CA 92211, commonly known and described as Walmart Supercenter Store No. 05096.

20.     Defendant Daniel Lemus (hereinafter "Lemus"), is now, and at all times mentioned was, a resident of Riverside County, California, and an individual doing business as a Loss Prevention Manager, in his individual capacity and under the corporate name of Walmart, Inc., doing business as Walmart Supercenter Store No. 05096 (hereinafter "Store No. 05096").

21.     Walmart through its agents, servants, and employees, and Lemus were, at times material to certain of the allegations set forth in this complaint, willful participants and acting in concert with and under the direction of Defendants County of Riverside, Riverside County

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

Sheriff's Department, Deputy Paul Questel of the Riverside County Sheriff's Department and were therefore acting under color of state law as well as individually.

**County of Riverside Defendants:**

22.     Defendant <u>County of Riverside</u> (hereinafter "the County"), is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected Board of Supervisors, an appointed county manager and Sheriff, and their agents and officers. It is a local government entity and is not an arm of the State of California for Eleventh Amendment purposes. The County may have employed certain peace officers who are the subject of this complaint.

23.     Defendant <u>Riverside County Sheriff's Department</u> (hereinafter "RCSD"), is a separately suable municipal police department subject to liability under Section 1983.

24.     Defendant <u>Paul Questel,</u> (hereinafter "Deputy Questel"), Badge ID #3314, at all relevant times to this complaint, is/was employed as a deputy by the RCSD at the Palm Desert Station Office at 73705 Gerald Ford Drive, Palm Desert, California 92211 and was acting individually, and in concert and conspiracy, under color of state law. Deputy Questel was acting under the direction and control of the County and RCSD.

**Defendant John Doe No. 1:**

25.     Defendant <u>John Doe No. 1</u>, the unknown homosexual Hispanic-White male perpetrator, who sexually assaulted Plaintiff at Store No. 05096.  On information and  belief, John Doe No. 1 has strong ties with the County and RCSD.

**Defendant Does 1 thru 10:**

26.     Plaintiff is informed and believes that Does 1 through 10 are liable to Plaintiff in

connection with one or more of the claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here. Defendants 1 through 10 are all sued in their individual and official capacities. The true names, whether individual, corporate, or otherwise, of the Defendants sued as Does 1 through 10 are unknown to Plaintiff, who, therefore, sues them by such fictitious names. At such time as their true names have been ascertained, Plaintiff will seek leave of Court to amend this Complaint accordingly.

## VII.    **FACTUAL ALLEGATIONS**

23.    On Tuesday evening, November 09, 2021, at approximately 5:48 p.m., Plaintiff (a 58 year-old African American, lifelong heterosexual male) was on and within the confines of Walmart Supercenter Store No. 05096 (hereinafter "Store No. 05096"), under the control of Walmart, as a business visitor and invitee for the mutual benefit of Plaintiff and Walmart for the purpose of purchasing product's displayed for sale to the general public at Store No. 05096. (See Plaintiff's *Store Receipt from Store No. 05096* dated 11/09/21 attached as Exhibit B.)

24.    About 5:54 p.m., on November 09, 2021, as Plaintiff was walking down a wide aisle just past the pharmacy and near the front checkout area and then having just walked past a narrower perpendicular aisle to the left of me with shelves of white multi-colored designed teapots, Defendant John Doe No. 1 (an unknown homosexual Hispanic-White male perpetrator) sneaked up behind and with the use of his right hand touched Plaintiff's left hip/buttock areas.

25.    Plaintiff quickly turned half way around to his left and saw John Doe No. 1, being in his late 20s or early 30s, about 6'0" tall, medium build, short dark brown hair with half beard and thin mustache, weighing about 200 pounds, and wearing a dark colored gray t-shirt and long black jeans. John Doe No. 1 stood within a foot of Plaintiff. Plaintiff did not recognize John Doe No. 1, had never met John Doe No. 1 before, and John Doe No. 1 was a stranger to Plaintiff.

26.     As Plaintiff spun around, Plaintiff could still see John Doe No. 1's right arm
extended and his right hand near Plaintiff's left hip/buttocks area. During his attack, John Doe
No. 1 (with a very soft voice of a man) threatened Plaintiff by having said something like "Come
here!" Also, John Doe No. 1 had this sick looking smirk on his face like he knew he was getting
away with something. But Plaintiff's cellphone camera was active partly recording John Doe No.
1's face, body gestures, and clothing. (See John Doe No. 1's photograph attached as <u>Exhibit C</u>.)

27.     With John Doe No. 1 mentioning the words "Come here" with that sick looking
smirk on his face, it was then Plaintiff realized that John Doe No. 1's touch to Plaintiff's left
hip/buttocks areas had been intentional, so by no means John Doe No. 1's touching of Plaintiff's
buttocks area was accidental.

28.     After the assault, John Doe No. 1 walked a few feet away slightly turned his head
to the right looking back over his right shoulder as a defensive measure to protect himself from
any unexpected retribution from Plaintiff. Plaintiff chose not to carry-out an act of self-defense
because if the police were to show up who would believe an older Black male had been sexually
assaulted by a younger Hispanic-White male. Plaintiff did not want to give the police a window
of opportunity of the use of excessive force against Plaintiff (the Black victim) instead of John
Doe No. 1 (the Hispanic/White suspect).

29.     Being that John Doe No. 1 was still within arms-length striking distance of
Plaintiff and believing that anything could happen and fearful John Doe No. 1 could attempt to
cause Plaintiff further injury, Plaintiff took evasive action by having spun fully around to my left
to walk in the opposite direction which was down the perpendicular narrow aisle with the multi-
colored teapots.

30.     As Plaintiff walked down the perpendicular narrow aisle with the multi-colored

teapots and away from John Doe No. 1, Plaintiff spoke out vocally to himself in a shaken and angry voice, "Do not touch me, you motherfucker!" Plaintiff felt publicly embarrassed, humiliated, and traumatized by what had just taken place. Mostly, Plaintiff felt disrespected.

31.     About 5:55 p.m., on November 09, 2021, at a distance from, Plaintiff walked past the front checkout area and witnessed John Doe No. 1 standing at one of the self-checkout registers at the front of the store. Plaintiff never witnessed John Doe No. 1 make a purchase at any self-checkout register or exit Store No. 05096.

32.     Store No. 05096 security cameras may have recorded Walmart employees who may have witnessed Plaintiff's assault, but the Walmart employees did not intervene which allowed John Doe No. 1 to make a clean getaway.

33.     About 6:07 p.m., on November 09, 2021, Plaintiff was still upset about what happened to such a degree that while Plaintiff had come to Store No. 05096 to purchase many items, Plaintiff was so distressed that Plaintiff could not finish shopping and went to the self-checkout register with only one item in hand. Plaintiff then purchased his one item, exited out of Store No. 05096 into the parking lot, and then drove straight home.

34.     An hour or so after the assault, on November 09, 2021, at about 8:50 p.m., Plaintiff telephoned the Riverside County Sheriff's Department in Palm Desert California to report a crime that Plaintiff had been sexually assaulted at Walmart located at 34500 Monterey Avenue., Palm Desert, California 92211.

35.     On November 09, 2021, at about 9:09 p.m., Deputy Questel telephoned Plaintiff concerning Plaintiff's 911 assault call.

36.     Deputy Questel asked Plaintiff if Plaintiff wanted to make a report and Plaintiff said "Yes" and Plaintiff described the details of the assault to Deputy Questel.

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

37.    Deputy Questel asked Plaintiff, "Did he touch you?" Plaintiff told Deputy Questel "Yes, he [John Doe No. 1] touched me why else would I turn around."

38.    Plaintiff also told Deputy Questel that John Doe No. 1 touched Plaintiff on the left hip/buttock areas.

39.    Next, Plaintiff informed Deputy Questel that Plaintiff's cellphone camera was active at the time of the assault in Plaintiff's front shirt pocket which captured John Doe No. 1's face and body.

40.    But Deputy Questel took zero interest in wanting to arrange an in-person interview with Plaintiff to review Plaintiff's cellphone video evidence of the assault.. At that point, Plaintiff and Deputy Questel's telephone conversation ended.

41.    On November 09, 2021, at about 9:27 p.m., Deputy Questel sent Plaintiff an email titled, "Inappropriate touching," incident file number "T213130108."

42.    Deputy Questel's email further stated that he, "Will check with Walmart security." That was Deputy Questel's last communication with Plaintiff concerning Plaintiff's sexual assault.

43.    Deputy Questel never followed-up with Plaintiff as to what took place between himself and Lemus.

44.    Deputy Questel never filed an official sheriff's incident report of Plaintiff's assault.

45.    On November 09, 2021, by way of telephonic communication, a meeting of the minds took place between Deputy Questel and Lemus to cover up Plaintiff's sexual assault.

46.    On November 10, 2021, at about 9:40 a.m., Plaintiff drove back to Store No. 05096 to discuss the incident with a Walmart manager.

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

47.     Plaintiff met Walmart Store Lead Crystal ("Crystal") near the front check-out area and showed her Plaintiff's cellphone video of the assault. Crystal stated that she would contact a loss prevention officer and that the loss prevention officer would take an incident report and provide Plaintiff with an "Incident Number."

48.     As Plaintiff waited for a brief period, Lemus approached Plaintiff and introduced himself.

49.     Lemus stated that he had already spoken with Deputy Questel about Plaintiff's incident.

50.     Lemus stated Deputy Questel had not visited Store No. 05096 and had not reviewed the security camera video of the incident.

51.     Lemus then asked Plaintiff if Plaintiff had a Store No. 05096 receipt. Plaintiff responded by saying "Yes" and handed it to Lemus.

52.     Plaintiff then explained to Lemus about what happened regarding the incident and Plaintiff further told Lemus  that Crystal said that you could take a report and provide Plaintiff with an "Incident Number."

53.     Lemus responded by saying, Walmart only issues Incident Numbers for "slip and fall incidents" not sex assaults.

54.     Plaintiff responded by saying to Lemus "that is ridiculous."

55.     With Plaintiff's store receipt in his hand, Lemus preceded to his security office to review the security video of the incident.

56.     Lemus's having to review the security camera video bewildered Plaintiff because Lemus and Deputy Questel, on information and belief, had already discussed the security video late evening the night before on November 9, 2021.

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

57.    After about fifteen minutes, Lemus returned and said that he reviewed the video starting from the time Plaintiff exited his car as well as the time John Doe No. 1 exited his car.

58.    Lemus further stated that the security video "clearly" does not show Plaintiff was "touched" by John Doe No. 1 who Lemus alleges does not work for Walmart after Plaintiff showed Lemus a photo of John Doe No. 1.

59.    Plaintiff disagreed and then asked Lemus would it be possible that Plaintiff could review the security video to confirm what you have concluded.

60.    Lemus responded by saying, "No" due to "other customers' privacy."

61.    Plaintiff then asked Lemus if Walmart loss prevention security employees were monitoring their security cameras at the time of Plaintiff's assault.

62.    Lemus responded by saying "No" because there were only two Walmart security loss prevention employees working at the time and both plainclothes loss prevention officers were not in the security office but foot patrolling the common floor areas.

63.    After Lemus returned Plaintiff's store receipt, Plaintiff thanked Lemus and left the Store No. 05096 without an Incident Number.

64.    Plaintiff became suspicious of Lemus's response because John Doe No. 1 touched Plaintiff and Plaintiff's cellphone video evidence demonstrates just the opposite of Lemus's investigative conclusion.

65.    On or about December 10, 2021, at about 2:30 p.m., Plaintiff did visit the Riverside County District Attorney's Office in Indio, California to inquire about Deputy Questel's sheriff incident file number T213130108.  Plaintiff was told by the intake district attorney assistant that they had not received any report from the Riverside County Sheriff's Department in relation to incident file number T213130108.

66.    On or about December 14, 2021, at about 4:00 p.m., Plaintiff telephoned the Riverside County Sheriff's Department located in Palm Desert, CA inquiring about Deputy Questel's sheriff report incident file number T213130108. Plaintiff was told that no such report had been filed.

67.    On December 20, 2021, Plaintiff sent a Litigation Hold Letter via certified mail [USPS Tracking No. 70212720000099262665] to Walmart through its registered agent in the State of California. Plaintiff's litigation hold letter put Walmart on notice of impending litigation and triggered Walmart's duty to preserve. Plaintiff's letter directed Walmart to preserve: "[a]ll documents, witness statements, photographs, video recordings, diagrams, and/or drawings, and any other physical evidence that in any way relate to this incident." Plaintiff specifically requested that Walmart: "[t]o preserve any and all Walmart surveillance security video inside and outside of the store from all vantage points, for 24 hours before and after the November 09, 2021 incident." (See Plaintiff's letter titled, "*Litigation Hold Letter*" attached as Exhibit D.)

68.    On December 29, 2021, Walmart employee Case Manager III Jeffrey Sutherland ("Sutherland") sent Plaintiff a letter in response to Plaintiff's litigation hold letter.

69.    In his letter Sutherland stated, "Your incident was referred to me for review. It is my responsibility to review the specific facts surrounding your incident to determine if it is payable under the applicable insurance policy."

70.    On January 11, 2022, at 3:19 p.m., Sutherland sent Plaintiff email that contained two attachments (a Walmart Rejected Claim Letter and a video clip). Sutherland's emailed letter stated, "Here is the video clip,—as you can see, this guy clearly did NOT touch you." Sutherland's Walmart security video clip evidence (IMG_7146.MOV) lasts about five (5) seconds in length.

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

71.    On January 11, 2022, at about 3:33 p.m., Plaintiff reviewed Walmart's five second security video clip. It is evident to Plaintiff's naked eye that Walmart has forged and tampered with its own security video by (i) drastically shortening the video (ii) duplicating selected frames of the video to another location in the video (iii) cutting out selected video frames (iv) speeding-up selected video frames to give the appearance that John Doe No. 1 did not (at the slightest) raise his right arm as he approached Plaintiff from behind, and (v) Walmart also introduced video noise and blurring into the video, to make it more challenging to recognize the destruction and alteration of their security video.

72.    Plaintiff's cellphone video demonstrates not only the raising of John Doe No. 1's right arm with his right hand extended towards Plaintiff's left hip/buttocks areas but there could be heard on Plaintiff's cellphone video muffled voice sounds something similar to "Come here" coming from John Doe No. 1, the actual capture of John Doe No. 1's smirking face and clothing, the initial physical sounds of the confronting contact of the assault, and with Plaintiff shortly afterwards having vocally cursed John Doe No. 1 for touching Plaintiff as Plaintiff took evasive action by walking down the perpendicular narrow aisle with the multi-colored teapots.

73.    On January 13, 2022, at about 11:15 a.m., Plaintiff did visit the Riverside County Sheriff's Department at the Palm Desert Station Office at 73705 Gerald Ford Drive, Palm Desert, California 92211. Plaintiff visited the station to pick up a copy of Deputy Questel's sheriff report with file number T213130108.

74.    But for a second time, Plaintiff was told by the front desk sheriff clerk that Deputy Questel filed "no report" regarding File Number T213130108. The clerk stated the only document with information related to this incident is a "Daily Dispatch of Register of Actions."

75.    Plaintiff requested of and the front desk sheriff deputy clerk provided Plaintiff

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

with a printed-out copy of the Daily Dispatch of Register of Actions. (See attached Exhibit E.)

76.     On that same day of January 13, 2022, Plaintiff reviewed the Daily Dispatch of Register of Actions ("ROA") of the incident that contained a very brief technically coded summary of Deputy Questel's alleged investigation of Plaintiff's assault that occurred on November 9, 2021.

75.     Deputy Questel's failed to record that Plaintiff said that I was touched on my left hip/buttocks areas, and that the incident was partially videotaped by Plaintiff's cellphone revealing John Doe No. 1's face, upper body, and clothing.

76.     In the ROA, Deputy Questel inaccurately reported that "unknown if he was touched" and that Plaintiff "ran away."

77.     Deputy Questel's manner of investigating the incident was inadequate (i) by failing to conduct a face-to-face interview with Plaintiff to review Plaintiff's cellphone video showing John Doe No. 1's face and upper body that would have assisted Deputy Questel with the identification and apprehension of John Doe No. 1  (ii) by failing to personally review Walmart's security video of the incident that would have confirmed Deputy Questel's own suspicions as whether Plaintiff was touched and sexually assaulted (iii) by failing to interview anyone other than Plaintiff  (iv) by failing to record in the ROA whether he questioned Walmart security about the incident  (v) by failing to include any mention of his interview attempts of any other potential witnesses at Store No. 05096, and (vi) by failing to reveal in the ROA the true identity of John Doe No. 1 and John Doe No. 1 was ever apprehended.

/ / / / / /

/ / / / / /

/ / / / /

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

## VIII.    FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983 – Denial of Equal Protection)
**(Intentional Failure to Investigate & Prosecute Due to Plaintiff's Race and Gender)**
**Violation of the Fourteenth Amendment to the United States Constitution**
**(Against Defendant Deputy Paul Questel)**

78.    The allegations in paragraphs 1 through 77 are adopted.

79.    At the time of the complained-of events, Plaintiff had the clearly established

constitutional right to enjoy the equal protection of the laws and to be free from Questel's

discrimination based on Plaintiff's race and gender. Any reasonable law enforcement officer

knew or should have known of this clearly established right.

80.    Questel failed to investigate Plaintiff's sex assault or arrest John Doe No. 1

because of racial animus against Plaintiff as a Black male and in favor of John Doe No. 1 as a

Hispanic-White male.

81.    John Doe No. 1 was given a pass by Questel because of his racial bias not only in

favor of John Doe No. 1 as a Hispanic-White male, but also against Plaintiff as a Black male.

82.    Questel's conduct was undertaken with the purpose of, and had the effect of,

depriving Plaintiff of the equal protection and benefits of the law and equal privileges and

immunities under the law.

83.    Questel's conduct was motivated, in significant part, because of its adverse effects

on Plaintiff's race which violated Plaintiff's right to equal protection of the law as guaranteed by

the Fourteenth Amendment to the United States Constitution.

84.    The acts or omissions of Questel was the legal and proximate cause of Plaintiff's

pain and suffering, mental and emotional injuries, humiliation, injury, law enforcement

apprehension, and loss of enjoyment of life.

85.    As a direct result of Questel's unlawful racial discrimination, Plaintiff has been

deprived of his equal protection rights secured under the Fourteenth Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983.

## IX.    SECOND CAUSE OF ACTION
### (42 U.S.C. § 1981 – Race Discrimination)
### (Against Defendant Paul Questel)

86.    The allegations in paragraphs 1 through 85 are adopted.

87.    At the time of the complained-of events, Plaintiff had the clearly established right to be free from race discrimination and to the full and equal benefit of all laws and proceedings for the security of persons and property. Any reasonable law enforcement officer knew or should have known of this clearly established right.

88.    Questel discriminated against Plaintiff based on his race, in violation of 42 U.S.C. § 1981, as described above.

89.    Defendant Questel, acting under color of law has denied Plaintiffs his right to full and equal benefit of the laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of the Civil Rights Act of 1866 (42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991) because of Plaintiff's race.

90.    Plaintiff's injury would not have occurred without Questel's intentional race discrimination. Questel's acts were a result of discriminatory intent due to Plaintiff's race, and were done in known violation of Plaintiff's legal and constitutional rights, without good faith, that actually played a substantial part in causing Plaintiff's emotional pain and suffering, discomfort, inconvenience, economic injury, humiliation, and loss of enjoyment of life.

## X.    THIRD CAUSE OF ACTION
### (42 U.S.C. §§ 2000d  – Title VI of the Civil Rights Act of 1964)
### (Against Defendant County and RCSD)

91.    The allegations in paragraphs 1 through 90 are adopted.

92.    The County and RCSD are recipients of federal financial assistance.

93.    RCSD refused to investigate Plaintiff's assault because John Doe No. 1 is a

Hispanic-White male and Plaintiff is an African American male.

94.    The County has a policy and a permitted custom of not training its officers in how

to deal with Black male sexual assault victims.

95.    The County has a policy and permitted practice of giving Black male sexual

assault victims less police protective services than other non-black crime victims.

96.    The County and RCSD violated § 601 of Title VI of the Civil Rights Act of 1964,

42 U.S.C. §§ 2000d.

97.    As a direct, foreseeable, and proximate result of said wrongful acts by the County

and RCSD, Plaintiff suffered and will continue to suffer humiliation, anxiety, embarrassment,

mental pain, anguish, law enforcement apprehension, all to Plaintiff's damage in an amount to be

determine at trial.

## XI.    FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1985(3) – CONSPIRACY)
### (Conspiracy To Interfere With Civil Rights )
### Violation of the Fourteenth Amendment to the United States Constitution
### (Against Defendants Paul Questel and Daniel Lemus)

98.    The allegations in paragraphs 1 through 97 are adopted.

99.    Defendant Paul Questel conspired with Defendant Daniel Lemus to deny Plaintiff

equal protection of the laws by (i) failing to investigate and arrest John Doe No. 1. because

Plaintiff is a black male (ii) intentionally altering Walmart security camera video to blur John

Doe No. 1's facial identity (iii) refusing to allow Plaintiff to file a Walmart incident report

detailing his sex assault (iv) failing to file a Riverside County Sheriff's Department incident

report detailing Plaintiff's sex assault, (v) refusing to meet with and view Plaintiff's cellphone

video that partially captured John Doe No. 1's face , and (vi)  concealing the identity of John Doe No. 1.

100.    These actions have damaged Plaintiff. This claim arises both directly under 42 U.S.C. § 1985 and under the United States Constitution.

### XII.    FIFTH CAUSE OF ACTION
#### (RESPONDEAT SUPERIOR)
#### Violation of Government Code § 815.2
#### (Against Defendants County and RCSD)

101.    The allegations in paragraphs 1 through 100 are adopted.

102.    At all times herein alleged and at all relevant times, Deputy Paul Questel was acting within the course and scope of his agency and employment with the Riverside County Sheriff's Department. Therefore, as a matter of law, the County and RCSD are liable for the Plaintiff's injuries and damages as alleged herein.

### XIII.    SIXTH CAUSE OF ACTION
#### (PREMISES LIABILITY)
#### (Criminal Attack By A Third Party)
#### (Against Defendant Walmart)

103.    The allegations in paragraphs 1 through 102 are adopted.

104.    Plaintiff was harmed because of the way Walmart managed its property.

105.    On two prior occasions to November 9, 2021, two different young females as business invitees on and within the confines of Store No. 05096 under the control of Walmart were sexually assaulted, threatened, terrorized, and endangered by other unknown males during the perpetration of sexual assaults and in a manner under conditions similar to that experienced by Plaintiff, as set out above. Walmart knew or should have known that sexual assaults were likely to occur and continue in the future and to constitute a threat to the safety of persons, such as Plaintiff, lawfully on Store No. 05096, who was not a participant in such activities.

106.    On or about November 21, 2021, Walmart negligently and carelessly failed to take precautions to eliminate such activities set forth above and to protect Plaintiff and other persons lawfully on Store No. 05096 from sexual assault or other threatening behavior constituting a threat to Plaintiff and other persons lawfully on Store No. 05096.

107.    Walmart knew or in the exercise of reasonable care should have known that Plaintiff was on and within the confines of its Store No. 05096 under the control of Walmart on or about November 9, 2021, that Plaintiff might be sexually assaulted, accosted, threatened, terrorized, or otherwise endangered in a manner similar to that set out above, and that Plaintiff had insufficient knowledge of the possibility of such action occurring and would not, in the exercise of reasonable care of Plaintiff's own safety, have obtained knowledge of the likelihood of being sexually assaulted. Walmart also knew or in the exercise of reasonable care should have known that the two prior sexual assaults occurring before November 9, 2021 presented an unreasonable risk of harm to persons, including Plaintiff, who were on Store No. 05096 under the control of Walmart, without being warned of the danger of being sexually assaulted.

108.    Notwithstanding the facts alleged in paragraph 36, above, Walmart carelessly and negligently failed to warn Plaintiff of the two prior sex assaults at Store No. 05096.

109.    At all times mentioned, Walmart was under a duty to provide adequate and sufficient security measures for the persons lawfully on Store No. 05096.

110.    The premises was maintained by the defendant in a negligent manner, and without adequate security measures.

111.    The defendant had both actual and constructive notice of the above condition.

112.    On or about November 9, 2021, Walmart negligently and carelessly owned, maintained, controlled, supervised, managed, operated, and protected Store No. 05096, under the

Page 20 of 34

control of Walmart, and the fixtures and chattels on Store No. 05096 that Plaintiff was accosted, threatened, terrorized, assaulted, and endangered, causing Plaintiff to incur and suffer the injuries and damages.

113.    Walmart's negligence was a substantial factor in causing Plaintiff's sex assault because had Walmart had adequate loss prevention officers on duty in its security office monitoring security cameras John Doe No. 1 would have been prevented from attacking Plaintiff or at the least apprehended.

114.    As a direct and proximate result of such carelessness and negligence of Walmart, Plaintiff's injuries includes personal humiliation, and mental anguish and suffering.

115.

## XIV.    **RELIEF REQUESTED**

**WHEREFORE,** Plaintiff prays that the Court, as to all the Defendants and each of them jointly and severally Plaintiff demands judgment against Walmart Inc., County of Riverside, Riverside County Sheriff's Department, Paul Questel, Daniel Lemus, and Does 1-10 for actual, general, special, compensatory damages sustained by Plaintiff in the amount of $1,000,000 as to each cause of action, together with a punitive damages award and penalties allowable under Federal and California law, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable. Grant such other and further relief as the Court may deem just and proper.

## XV.    **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Rule 3-6, Local Rules, United States District Court, Central District of California, Plaintiff demands trial by jury for all the issues plead herein so triable.

**PLAINTIFF'S VERIFICATION**

I, <u>Timothy L. Whiting</u>, declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matter I believe it to be true.

DATED: November 29, 2022

By: _____

Timothy L. Whiting
In Pro Se, Plaintiff

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT A</u>

My Claim For Damages To Person or Property Rejected

By County of Riverside on June 2, 2022.

Page 23 of 34

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES



OFFICE OF THE
## CLERK OF THE BOARD OF SUPERVISORS
1st FLOOR, COUNTY ADMINISTRATIVE CENTER
P.O. BOX 1147, 4080 LEMON STREET
RIVERSIDE, CA  92502-1147
PHONE: (951) 955-1060     FAX: (951) 955-1071

**KECIA R. HARPER**
Clerk of the Board of Supervisors

**KIMBERLY A. RECTOR**
Assistant Clerk of the Board

June 2, 2022

TIMOTHY LEWIS WHITING
P.O. BOX 2456
INDIO, CA 92202

**RE:  NOTICE OF REJECTION OF CLAIM**
**Claimant(s):**          **WHITING, Timothy Lewis**
**Date of Loss:**         **11/09/2021**
**Claim No:**             175-22
**Date Claim Received:**  **04/29/2022**

Notice is hereby given that the claim you presented to the Clerk of the Board of Supervisors was rejected by the Board on June 2, 2022.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim.  See Government Code section 945.6.

You may seek the advice of any attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

This warning, and the six-month deadline, only apply to the extent a lawsuit would be based on California law, and do not apply to the extent a lawsuit would be based on federal law.

Kecia R. Harper
Clerk to the Board of Supervisors

By:     Nicholas Nolan, Board Assistant

I declare that my business address is 1st Floor, County Administrative Center, 4080 Lemon Street, Riverside California, that I am a citizen of the United States of America, employed by the County of Riverside and am not a party to the action.  On the date stated below I mailed the foregoing notice by depositing a copy thereof in the outgoing mail at Riverside, California, in a sealed envelope, with postage prepaid, addressed to the person(s) listed above.  I declare under penalty of perjury that the foregoing is true and correct.

Executed at Riverside, California on June 2, 2022.

Nicholas Nolan, Board Assistant
GL090

RM:     202135181

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT B**

Plaintiff's Store Receipt from
Store No. 05096 dated 11/09/21.

Page 25 of 34

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

Give us feedback @ survey.walmart.com
Thank you! ID #:7QF25V1S5SF4

# Walmart ›‹·

760-328-4375 Mgr:BENNY
34500 MONTEREY AVE
PALM DESERT CA 92211
ST# 05096 OP# 009005 TE# 05 TR# 06081
KLX LTN CUBE 003600049974          1.58 X
                    SUBTOTAL       1.58
          TAX 1   7.750 %          0.12
                       TOTAL       1.70
                  DEBIT  TEND      1.70
                  CHANGE DUE       0.00
EFT DEBIT         PAY FROM PRIMARY
      1.7    OTAL PURCHASE
US DEBI        **** **** **** 9272 I 0
REF # 131400615087
NETWORK ID. 0056 APPR CODE 110872
US DEBIT
AID A000(    '980840
AAC 277E10244FC2B821
TERMINAL # SC120398
         11/09/21    18:07:39
            # ITEMS SOLD 1
      TC# 9857 7195 8252 9530 4495

Low Prices You Can Trust. Every Day.
         11/09/21    18:07:44

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# __EXHIBIT C__

John Doe No. 1's photograph
captured November 9, 2021.



Page 28 of 34

PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>EXHIBIT D</u>

Plaintiff's Litigation Hold Letter
dated on December 20, 2021.

Page 29 of 34

# LITIGATION HOLD LETTER
## PRIVILEGED AND CONFIDENTIAL
## SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

December 20, 2021

## *Via Certified Mail #70212720000099262665*

WALMART INC. and WALMART CLAIMS SERVICES, INC.
CT CORPORATION SYSTEM (C0168406)
ATTN: Amanda Garcia, Registered Corporate Agent
330 North Brand Blvd, Suite 700
Glendale, CA 91203

Walmart Shopper: Timothy L. Whiting
Date of Injury: November 09, 2021
Location of Loss: Walmart Supercenter, ST# 05096, Palm Desert, California

## Preservation of Evidence/ Spoliation Notice

Dear Registered Agent:

Walmart, Inc. and Walmart Claims Services, Inc., (collectively "Walmart") has become aware of potential litigation concerning myself [Timothy L. Whiting] a 58 year-old African American, Christian, lifelong heterosexual male. On or about November 09, 2021, at approximately 5:54 p.m., while I was shopping inside the Walmart store, an unknown homosexual Walmart loss prevention (non-black male) employee who was wearing plainclothes did follow me around the store under the false pretense of suspecting me of shoplifting but the Walmart homosexual employee's true intention was to sneak up from behind me and grab my buttocks. Various other Walmart employees were in the vicinity and possibly witnessed the sexual assault, but the employees did not intervene in already knowing that the assailant was a plainclothes Walmart loss prevention officer thus allowing the perpetrator to make a clean getaway. Alternatively, this unknown homosexual (non-black male) perpetrator was not a Walmart employee but just another Walmart customer. Nevertheless, I was sexually assaulted on Walmart's premises. (Riverside County Sheriff's Department, *Incident File Number* T213130108.)

Under a litigation hold, no one is permitted to destroy or delete relevant evidence that could be helpful to an adversary or support my case and/or defenses. Your failure to preserve relevant documents and data could result in severe sanctions against Walmart and a loss of possible defenses.

**The instructions in this letter are very important. Please read them carefully.**

This letter requests that Walmart preserve all documents, witness statements, photographs, video recordings, diagrams and/or drawings, and any other physical evidence that in any way relate to this incident.

I specifically request that you preserve any and all Walmart surveillance security video inside and outside of the store from all vantage points, for 24 hours before and after the November 09, 2021 incident.

I would also appreciate copies or the opportunity to inspect any physical evidence and documents relating to this incident.

**Your only obligation at this time is to identify and preserve documents relevant to this incident. Immediately suspend deletion, overwriting, or any other possible destruction of relevant documents and data.**

Do not discuss the litigation hold, potential lawsuit or potential claims or issues with anyone outside Walmart unless specifically directed otherwise. This letter is confidential and its contents may not be shared or discussed.

Please do not dispose of any of this material, as I expect that it will be both discoverable and admissible in any litigation that may arise out of this claim. Failure to preserve this material will result in a request for a spoliation instruction at any trial in this matter and may ultimately be considered by a court as an attempt to destroy evidence.

If you have any questions about this litigation hold, please contact me.

Thank you,

Timothy L. Whiting
In Pro Se (Self-Represented)
P.O. Box 2456
Indio, CA 92202
Email: tw92240@hotmail.com
Tele: (760) 459-9177

cc: My Personal Records
cc: Store Manager Benny, Walmart Supercenter, ST# 05096, Palm Desert, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT E**

Riverside County Sheriff's Department
Daily Dispatch of Register of Actions
dated on January 13, 2022.

Page 32 of 34

## DAILY DISPATCH REGISTER OF ACTIONS

INCIDENT NUMBER: T--213130108  PRI: 4  NOI: 415P       UNIT/OFFICER:1T38  /3314
LOCATION:  34500 MONTEREY AV, PAD ( X UNK)


ENTERED:      11-09-2021 20:57:01  BY: N7234   AT: 041
DISPATCHED: 11-09-2021 20:59:11  BY: N7370   AT: 241
ARRIVED:      11-09-2021 20:59:22  BY: 3314    AT: 998
CLOSED:       11-09-2021 21:33:32  BY: 3314    AT: 998    CLOSED EDP: 24D0M
RP NAME: TIMOTHY WHITING          ADDR: WALMART        << LL CONT
RP PHONE: 7604599177              911 TIME: 11-09-2021 20:57:01
CLOSE AGCY: T  REPORTING DISTRICT:  38B2   DR:


| TIME | OPER | ACTION | TEXT |
|------|------|--------|------|
| 11-09-2021 | | | |
| 20:57:01 041 | | | /NEAR: TB 788 E5 AND DESERT GATEWAY'PADE // OCCD 1800HRS // REF HMA 20S 600 190 |
| 20:57:01 041 | | | LSW GREY SHIRT BLK PANTS REACHED OUT TO TOUCH RP & RP RAN AWAY // RP REQ LL |
| 20:57:08 041 | | TEXTF | CONT FROM DEP FOR FURTHER |
| 20:59:11 241 | | DISP | 1T38 |
| 20:59:14 998 | | MDTACK | 1T38 |
| 20:59:22 998 | | ARRIVE | 1T38; AT LL CONT 907 STN |
| 20:59:25 998 | | CONTCT | 1T38; TIMER OFF |
| 21:01:04 998 | | REMARK | 1T38 :LL GOES DIRECTLY TO VMAIL LEFT MESSAGE |
| 21:01:06 998 | | 98 | 1T38; CLOSING PRIMARY UNIT - 1T38; OFFICER - 3314 ; REPORT TYPE - NE |
| 21:01:06 998 | | 98 | ; CLOSURE CODES - 24D0M |
| 21:07:36 002 | | REOPEN | CLOSURE AGENCY WAS T ; CODE WAS 24D0M; REPORT TYPE WAS NE |
| 21:07:45 002 | | TEXTF | RP RELL ADVG MISSED DEPS CALL AND AVAIL FOR 21 NOW |
| 21:08:48 241 | | DISP | 1T38 |
| 21:08:53 998 | | MDTACK | 1T38 |
| 21:09:37 998 | | ARRIVE | 1T38; AT LL CONT |
| 21:09:53 998 | | ARRIVE | 1T38; AT LL CONT GERALD FORD X COOK |
| 21:09:57 998 | | CONTCT | 1T38; TIMER OFF |
| 21:19:30 998 | | REMARK | 1T38 :▮ |
| 21:19:59 998 | | REMARK | 1T38 :▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ |
| 21:20:24 998 | | REMARK | 1T38 :1754 HOURS |
| 21:20:34 998 | | REMARK | 1T38 :NEAR CHECK OUT LINES |
| 21:21:16 998 | | REMARK | 1T38 :VICT GREEN ARMY CAMOFLOUGE SHORTS BLUE STRIPED GRAY SHIRT BLACK BACK |
| 21:21:43 998 | | REMARK | 1T38 :SUSP BLACK JEANS GRAY T-SHIRT WHITE OR HISP WITH BEARD |

## DAILY DISPATCH REGISTER OF ACTIONS

```
21:21:57 998     REMARK    1T38 :VICT BLACK MALE
21:22:48 998     REMARK    1T38 :CLOSEST TO PHARMACY BETWEEN PHARMA
                           CY AND CHECK OUT
21:23:07 998     REMARK    1T38 :RP UNKNOWN IF HE WAS TOUCHED
21:33:28 998     REMARK    1T38 :CONT WALMART SECURITY CHECKING VID
                           EO
21:33:32 998     98        1T38; CLOSING PRIMARY UNIT - 1T38; OFFIC
                           ER - 3314 ; REPORT TYPE - NS
21:33:32 998     98        ; CLOSURE CODES - 24D0M

OPERATOR ASSIGNMENTS:     3314    QUESTEL,PAUL
                          N7234   URIBE,BRITTANY
                          N7370   CAPELLI,JESUSA
                          3314    QUESTEL,PAUL
                          N5565   IBARRA,RINDI
```